IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CTM HOLDINGS, LLC, an Iowa limited liability company, | ) ) ) |
| Plaintiff, | ) No. 24-CV-02016-CJW-MAR ) ) **Oral Argument Requested** ) |
| vs. | ) ) |
| THE UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of the United States Department of Agriculture; THE NATURAL RESOURCES CONSERVATION SERVICE; LOUIS ASPEY, in his official capacity as Chief of the Natural Resources Conservation Service; and JON HUBBERT, in his official capacity as Iowa State Conservationist, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**UNITED STATES' REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

In its Resistance, CTM suggests that the law and facts say what they do not. Instead of laboring point by point, the chart below simply compares what CTM says about the law or the record with the source.

| CTM's Resistance | The Source |
|---|---|
| 1. "In other words, if CTM converts a wetland on the property in a manner that makes agricultural production possible—even if it does not actually use it for agricultural production—it will lose eligibility for all benefits." | 1. *"Except as provided in section 3822 of this title and notwithstanding any provision of law … any person who converts a wetland … for the purpose, or to have the effect, of making the production of an agricultural commodity possible on such* |

| | |
|---|---|
| (Doc. 65 at 8, citing 16 U.S.C. § 3821(d)(1)).[1] | converted wetland shall be ineligible for those payments, loans, or programs specified in subsection (b)". 16 U.S.C. § 3821(d)(1). See also 16 U.S.C. §§ 3821(c), 3822(b) (containing numerous limitations and exemptions); 7 C.F.R. § 12.5(b) (containing additional exemptions). |
| 2. "If CTM converts the wetlands at issue in this case, then it will lose access to all future benefits. This was reiterated by USDA officials to CTM. CTM App. at 8–9. As a result, CTM changed its behavior because of Swampbuster." *Id.* (Doc. 65 at 9). | 2. "*It is my understanding* … that if CTM Holdings uses the 9 acres then it *could* lose its USDA benefits". CTM App. at 9, ¶ 28. The declaration contains no statement supporting the allegations that "CTM changed its behavior because of Swampbuster." See CTM App. 8-9. |
| 3. "CTM does not need to request just compensation before alleging a violation of the Takings Clause. *Knick v. Twp. of Scott*, 588 U.S. 180, 190 (2019); Nor does CTM need to bring an unconstitutional conditions claim under the Tucker Act because it is seeking equitable relief from an unconstitutional condition rather than damages. *Id.* at 201–02 (while damages are the | 3. "Today, because the federal and nearly all state governments provide just compensation remedies to property owners who have suffered a taking, equitable relief is generally unavailable. As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking." *Knick v. Twp. of Scott*, |

---

[1] Of note, the facts specific to this plaintiff and this property are relevant only to the question of standing. By failing to respond to the United States' Motion regarding any purported as-applied challenge, CTM has abandoned it. *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). Instead, CTM asserts only a facial challenge to the statute, which requires it to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Rahimi*, 602 U.S. 680, 693 (2024). Therefore, the effect of Swampbuster on this plaintiff or property is irrelevant to the facial constitutional analysis.

| | |
|---|---|
| presumptive relief for a taking, it is not the only relief)." (Doc. 65 at 10, n. 2). | *Pennsylvania*, 588 U.S. 180, 201 (2019).<br>"Injunctive relief is not available when an adequate remedy exists at law. And even when relief is appropriate for a particular plaintiff, it does not follow that a court may enjoin or invalidate an entire regulatory 'program,' by granting relief 'beyond the parties to the case." *Id.* at 207 (Thomas, concurring) (cleaned up). |
| 4. "Swampbuster still injures CTM because the statute prevents CTM from leasing all its land." (Doc. 65 at 11). | 4. Nothing in the record or the law, including what is cited by CTM, supports this assertion. Conlan asserts that, "The 9 acres cannot be leased *as farmland* because they cannot be farmed." CTM App. 8, ¶ 25. CTM also cites its existing lease with its farm tenants, which says nothing of whether CTM could separately lease the wetland areas to another tenant. CTM App. 89-96. There is certainly no such prohibition in the law. 16 U.S.C. § 3821-3824. |
| 5. "CTM requested a new certification, and the NRCS denied that request." (Doc. 65 at 12). | 5. NRCS did not deny a request for a new certification. In fact, it issued a new certified wetland determination as requested. USDA App. 32-40. NRCS also informed CTM that portions of the parcel were subject to an existing determination, which it would review only if CTM made a written request. USDA App. 41-42. |
| 6. "The NRCS's denial of the request is 'the consummation of the Agency's decisionmaking | 6. NRCS expressly informed CTM that it was not engaging in any decision making, because of the |

| | |
|---|---|
| process' because the decision is 'not subject to further Agency review.' *Sackett*, 566 U.S. at 127 (quotations omitted)"; "but '[t]he mere possibility that an agency might reconsider in light of 'informal discussion' and invited contentions of inaccuracy does not suffice to make an otherwise final agency action nonfinal.'" (Doc. 65 at 12). | existing determination. USDA App. 41-42. And CTM's available agency relief, a review request, is not an "informal discussion" or "invited contentions of inaccuracy"; rather, the review provision "expressly provides for *a second administrative challenge* to a wetland determination, *after* the final certification of the wetland has become final, when a person affected by the certification requests review of the certification by the Secretary." *B & D Land & Livestock Co. v. Veneman*, 332 F. Supp. 2d 1200, 1213 (N.D. Iowa 2004) (emphasis original). |
| 7. "Similarly, the 2010 Certification, and the NRCS's refusal to issue a new certification, gives notice of how it will interpret Swampbuster as it applies to CTM's property. And 'while no administrative ... proceeding can be brought for failure to conform' with the Certification itself, the certification 'warns' that if CTM converts the wetlands it 'do[es] so at the risk' of losing its benefits. *See Hawkes*, 578 U.S. at 600." (Doc. 65 at 13). | 7. "Even if final, an agency action is reviewable under the APA only if there are no adequate alternatives to APA review in court. 5 U.S.C. § 704." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 600 (2016). |
| 8. "The purpose of the unconstitutional conditions doctrine is to prevent the government from producing 'a result which (it) could not command directly.' *Perry*, 408 U.S. at 597". (Doc. 65 at 16). | 8. The government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected |

4

| | |
|---|---|
| | speech or associations, his exercise of those freedoms would in effect be penalized and inhibited." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). CTM identifies no similar freedoms that would be penalized or inhibited. |
| 9. "Notably, neither Defendants nor Intervenors cite—much less address—*B & D Land and Livestock Co.* or *Branstad v. Veneman*, 212 F. Supp. 2d 976 (N.D. Iowa 2002). Both cases were decided by this Court and squarely support CTM's interpretation of the statute." (Doc. 65 at 25, n. 5). | 9. Neither case addresses, much less supports, CTM's interpretation of the statute. *Branstad* simply holds that a landowner can request review even if the landowner did not own the property at the time of the initial certification. 212 F.Supp.2d 976, 996-97 (N.D. Iowa 2002). And *B&D Land* holds only that a landowner can request review even if it had withdrawn an initial timely appeal. 332 F.Supp.2d 1200, 1205-06 (N.D. Iowa 2004). |

In sum, neither the facts in this record nor the law supports CTM's arguments. For these reasons, and all the reasons identified in prior filings, the Court should dismiss this case for lack of standing or grant summary judgment for the United States on the merits.

5

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By:   */s/ Brandon J. Gray*
      */s/ Brian J. Keogh*

BRANDON J. GRAY
BRIAN J. KEOGH
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401
Phone: (319) 363-6333
Fax: (319) 363-1990
Brandon.Gray2@usdoj.gov
Brian.Keogh@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ T.Milton*